# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WESLEY PITTMAN and SHAUN PITTMAN | § § § | |
| v. | § § | Case No. 4:12cv542 (Judge Clark/Judge Mazzant) |
| MCCLAIN'S R.V., INC., ET. AL. | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. #78). After considering the relevant pleadings, the Court finds that the motion should be granted in part.

Plaintiffs asserted claims under the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation from Defendants, their former employers. On June 12, 2013, the undersigned issued a report and recommendation that Plaintiffs' claims for overtime pay and Wesley Pittman's claim for retaliation against Defendants be dismissed with prejudice, except with respect to those claims for overtime pay for the weeks in which Plaintiffs did not receive more than one and one-half times the minimum wage. Specifically, the Court found that Plaintiff Shaun Pittman's claims for overtime pay should be dismissed except for those claims for the weeks beginning April 5, 2010, and May 3, 2010. The Court further found that Wesley Pittman's claims for overtime pay should be dismissed except for those claims for the weeks beginning April 12, 2010, October 11, 2010, and July 18, 2011. Following the report and recommendation, Defendants tendered Offers of Judgment to Plaintiffs. Plaintiffs accepted $550 to resolve all claims.

On August 26, 2013, Plaintiffs filed a request for attorney's fees and costs (Dkt. #78). On September 10, 2013, Defendants filed a response (Dkt. #80).

The FLSA provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006). The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of attorneys' fees. *Id*. The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, in assessing the "lodestar" amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id*.

The *Johnson* factors are:

(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n.23 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

After considering the twelve *Johnson* factors, the court may adjust the "lodestar" upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be excessive." *Verginia McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (E.D. Tex. 1995). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) (quoting *Farrar v. Hobby*, 506 U.S. 103 (1992)); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d

1041, 1047 (5th Cir. 1998). "'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *Verginia McC*, 909 F. Supp. at 1032 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 1983)).

The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co. v. KellStrom*, 50 F.3d 319, 324 (5th Cir. 1995). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

The United States Supreme Court subsequently barred any use of the sixth factor as a basis for enhancement of attorneys' fees. *See Walker v. United States Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)). In addition, three of the *Johnson* factors, complexity of the issues, results obtained and preclusion of other employment, are fully reflected and subsumed in the lodestar amount. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citation omitted).

The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The fee-seeker must submit adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, while the party seeking reduction of the lodestar must show that a reduction is warranted. *Hensley*, 461 U.S. at 433; *Louisiana Power & Light Co.*, 50 F.3d at 329.

### A. LODESTAR

#### 1. *Hours Expended*

Plaintiffs seek $43,169 in attorney's fees for **143.9** hours expended. The hours expended are divided as follows:

> Hugh Coleman . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51.57 hours
>
> Brian T. Cartwright . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92.33 hours

#### *2. Prevailing Hourly Rate*

Based on affidavits submitted to the Court, the attorneys seek to be compensated at the following hourly rate: $300/hour. Defendants do not contest the hourly rates requested. Based on their respective levels of experience, the Court finds that the hourly rate submitted in this case is reasonable.

Accordingly, pursuant to the lodestar analysis, the attorney's fees are as follows:

1. Hugh Coleman – 51.57 hours × $300/hour = $15,470;

2. Brian T. Cartwright – 92.33 hours × $300/hour = $27,699.

The total lodestar amount requested by Plaintiffs is $43,169.

Defendants seek a reduction of the lodestar amount for several reasons. First, Defendants assert that the Court should reduce the lodestar by 25 percent for Plaintiffs' use of block billing. Block billing refers to the "time-keeping method by which" attorneys enter their "total daily time spent working on a case rather than itemizing the time expended on specific tasks." *Glass v. United States*, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004). Courts do not favor the practice of block billing because it impairs the required reasonableness evaluation. *Bramlett v. Medical Protective Co. of Fort Wayne, Ind.*, No. 3:09–CV–1596–D, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010). Although

there is some block billing, the Court does not see that block billing was the normal method of recording attorney time, at least, not to the extent that requires a reduction of the lodestar amount.

Defendants next assert that the Court should further reduce the lodestar amount by 10 percent given Plaintiffs' use of quarter-hour billing increments, rather than accepted and customary tenth-of-an-hour increments. The Court disagrees. "There is not a federal or local rule that requires any particular billing increments to be used when seeking an attorney's fee award." *Lewallen v. City of Beaumont*, No. l:05–CV–733–TH, 2009 WL 2175637, at *5 (E.D. Tex. July 20, 2009), *aff'd* 394 F. App'x 36 (5th Cir. 2010) (affirming the district court's award of costs and fees, but reversing and rendering on other grounds). Thus, the Court refuses to reduce the recoverable attorney's fees due to a use of quarter-hour billing increments.

**B.     THE *JOHNSON* FACTORS**

In analyzing the *Johnson* factors, the Court finds that the requested fee is unreasonable.

*1.     Time and Labor*

The time and labor required for this lawsuit was not excessive. This was generally a simple case that involved two Plaintiffs, four depositions, and written discovery.

*2.     Novelty and Difficulty of Issues*

This case involved claims under FLSA which required an attorney with specialized knowledge of this kind of case. Plaintiffs assert that there were novel issues in this case. There were no novel issues in this case. The question in this case was whether Plaintiffs were entitled to overtime pay.

*3.     Skill Required*

The Court finds that counsel were skilled and otherwise qualified to pursue this FLSA case.

### 4. Preclusion of Other Employment

Plaintiffs' counsels argues that Plaintiffs' counsels devoted a substantial amount of their time to this case and that the number of hours required to properly and diligently represent the interests of Plaintiffs precluded other employment by counsels. However, "[t]his was not a complex case and should not have caused counsel to limit the number of cases counsel could handle at any given time." *Lewis v. Hurst Orthodontics, PA*, 292 F. Supp. 2d 908, 911 (W.D. Tex 2003). "The case did not involve a demanding area of the law and if counsel chose to spend a considerable amount of time on this case to the exclusion of others, it was a choice, not necessitated by the nature of the case." *Id*.

### 5. Customary Fee

This factor is part of the "lodestar" analysis and need not be considered again.

### 6. Whether the Fee is Fixed or Contingent

Plaintiffs' counsels acknowledge that they entered into a contingency fee agreement. However, Plaintiffs did not provide the Court with a copy of the agreement. Plaintiffs' counsels assert that the fee arrangement provided for a percentage of wages recovered or an award of attorney's fees, whichever was greater. The Court notes that under a typical contingency fee arrangement, counsel for the Plaintiffs would receive far less than the fee requested.

### 7. Time Limitations Imposed by the Client or Circumstances

This factor is not applicable to the instant action.

### 8. Amount Involved and Results Obtained

Plaintiffs assert that they were offered the total sum of $550 in the Offer of Judgment. Plaintiffs argue that this factor should be considered, but is not dipositive of the award.

Defendants assert that Plaintiffs were asking for $44,457.47 in overtime damages, but only

6

recovered $550, which represents a recovery of approximately 1.2 percent. Defendants seek a reduction by at least 50 percent.

The Court cannot point to a single entry in the time records that is unrelated to Plaintiffs' advancement of the FLSA claims. Although it is safe to say that some of the time expended was related to the retaliation claim, Plaintiffs only succeeded on a very small part of their FLSA claims. The Court agrees that a reduction is necessary, but not to the extent requested by Defendants. Therefore, the Court recommends reduction of the requested fee by 25 percent, which is a reduction of $10,792.25.

### 9. *Experience, Reputation and Ability of the Attorneys*

The Court has already considered this factor in determining the "lodestar."

### 10. *Undesirability of the Case*

The Court has already considered this factor in determining the "lodestar."

### 11. *Nature and Length of the Professional Relationship with the Client*

This factor is not applicable to the instant action.

### 12. *Awards in Similar Cases*

The parties cannot point to cases that are identical to facts of this case.

## COSTS

Plaintiffs are also seeking an award of costs in the amount of $1,303.06, which are not opposed by Defendants. The Court recommends that costs in the amount of $1,303.06 be approved.

## RECOMMENDATION

Based on the foregoing, Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. #78) is **GRANTED IN PART**. The Plaintiffs are awarded attorney's fees in the amount of $32,376.75.

Plaintiffs are also awarded costs in the amount of $1,303.06.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of November, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE